UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

| | |
|---|---|
| Corey Denard Pitre, | Fed. Case No. _____ |
| Plaintiff, | Tex. Case No. 205100331931 |
| | (Tex. Justice Ct., Harris Cnty., |
| v. | Precinct 5, Place 1) |
| TD Bank / Target Red Card, | |
| Defendant. | |

## NOTICE OF REMOVAL

To: Nathan Ochsner, Clerk of Court, United States District Court for the Southern District of Texas, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, TX 77002.

Plaintiff Corey Denard Pitre, No. E2, 2 Mockingbird Circle, Houston, TX 77074 (coreydpitre@icloud.com).

Defendant TD Bank USA, N.A. (named in the complaint as "TD Bank / Target Red Card"), hereby gives notice of its removal of this action on the following grounds:

1. Plaintiff Corey Pitre commenced this civil action in the Justice Court, Harris County, Texas. A copy of the citation and petition, together with all the other process, pleadings, and orders served in the state-court action, accompany this notice:

   (a) Citation (Small Claims Case) (Dec. 23, 2020)

1

(b) Small Claims Petition (Dec. 23, 2020)

(c) Statement of Inability to Afford Payment of Court Costs (Dec. 23, 2020)

2. The petition was the initial pleading setting forth the purported claims for relief upon which the state-court action is based.

3. The case that the petition purportedly stated was and is removable.

4. TD received the citation and petition by mail on December 29, 2020. It had not received the citation and petition in any other manner before December 29, 2020.

5. TD is filing this notice within 30 days after receiving the summons and complaint.

6. This Court would have had original jurisdiction over the state-court action under 28 U.S.C. §§ 1331, 28 U.S.C. § 1337(a), and 15 U.S.C. § 1681p.

(a) **Jurisdiction under 15 U.S.C. § 1681p.** The petition purports to state a claim that TD "knowingly refuses to investigate and remove erroneous credit line(s) from my personal consumer report" and based on "negative [credit] reporting," and seeks relief in the form of "the removal of derogatory information from my consumer report with all three major credit bureaus, which include: Equifax, Experian, and Transunion." TD furnished information to consumer reporting agencies about Mr. Pitre's credit-card account.

(1) **Complete preemption.** The Fair Credit Reporting Act provides that that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. § 1681t(b)(1)(F). Under the "complete preemption" doctrine, original federal jurisdiction exists as to the claim for relief by means of credit reporting. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392–93 (1987). Section 1681t(b)(1)(F), which was enacted under the caption "preemption of state law,"[1] preempts state "laws" in any form, including "all sources of legal rules — statutes, regulations, judicial decisions, and administrative decisions." *Purcell v. Bank of Am.*, 659 F.3d 622, 624 (7th Cir. 2011); *accord Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47 (2d Cir. 2011) (citing *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 521 (1992)); *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 106

---

[1]The caption "preemption of state law" appeared in the enacting statute but was not codified. *See* Omnibus Consolidated Appropriations Act, 1997, Pub. L. No. 104-208, § 2419, 110 Stat. 3009, 3009-452 to -453 (1996).

(2d Cir. 2009); *Marshall v. Swift River Acad., LLC*, 327 F. App'x 13, 15 (9th Cir. 2009).

(2) **Exclusive federal remedy.** The Fair Credit Reporting Act also provides that "[e]xcept as provided in sections 1681n and 1681o of this title [15 U.S.C. §§ 1681n–o], no consumer may bring any action or proceeding in the nature of defamation . . . with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, . . . based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer." The complaint does not allege any "false information" or any "malice or willful intent to injure." An action under 15 U.S.C. §§ 1681n–o is therefore the exclusive remedy for Mr. Pitre's claim.

      (b)      **Jurisdiction under 28 U.S.C. § 1337(a).** The Fair Credit Reporting Act is an "Act of Congress regulating commerce," codified in United States Code title 15, titled "Commerce and Trade," at chapter 41, subchapter III.

7.      The state-court action is removable under 28 U.S.C. § 1441(a) & § 1446.

8.      The state-court action is not a nonremovable action under 28 U.S.C. § 1445.

9.      Promptly after filing this notice, Target will give written notice to Mr. Pitre, and will file a copy with the Clerk of the state court.

Wherefore Defendant TD Bank USA, N.A. (named in the complaint as "TD Bank / Target Red Card"), respectfully prays that the state court proceed no further, and that any further proceedings in this action occur in the United States District Court for the Southern District of Texas.

January 27, 2021.

        BARNES & THORNBURG LLP

        */s/Alicia M. Barrs*

        ―――――――――――――――――

        Alicia M. Barrs
        Texas Bar No. 24109620
        Suite 700
        2121 North Pearl Street
        Dallas, TX 75201-2469
        Ph. 214.258.4105
        Fax 214.258.4199
        Alicia.Barrs@btlaw.com

        in association with

        Brian Melendez, Minn. License No. 0223633 (application for admission pro hac vice forthcoming), Lead Attorney
        BARNES & THORNBURG LLP
        Suite 2800
        225 South Sixth Street
        Minneapolis, MN 55402-4662
        Ph. 612.367.8734
        Fax 612.333.6798
        brian.melendez@btlaw.com

        Attorneys for Defendant TD Bank USA, N.A. (misnamed as "TD Bank / Target Red Card")

## Certificate of Service

I certify that, on January 27, 2021, I served this paper on the other Party by electronic and postal mail at these addresses:

| Party | Postal Address | Email Address |
|---|---|---|
| Plaintiff Corey Denard Pitre | No. E2<br>2 Mockingbird Circle<br>Houston, TX 77074 | coreydpitre@icloud.com |

January 27, 2021.

BARNES & THORNBURG LLP

*/s/Alicia M. Barrs*

_____

Alicia M Barrs,
Texas Bar No. 24109620
Suite 700
2121 North Pearl Street
Dallas, TX 75201-2469
Ph. 214.258.4105
Fax 214.258.4199
Alicia.Barrs@btlaw.com